IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00534-ZLW

MARK D. TIBBS,

    Applicant,

v.

GARY GOLDER, Warden of SCF,
STATE OF COLORADO,
JOE ORTIZ, Executive Dir. of CDOC, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 19 2005

GREGORY C. LANGHAM
CLERK

## ORDER DENYING MOTION TO RECONSIDER

Applicant Mark D. Tibbs has filed *pro se* on June 10, 2005, an objection to the Court's May 31, 2005, order and judgment of dismissal. Mr. Tibbs asks the Court to reconsider and vacate the May 31 order. The Court must construe the objection liberally because Mr. Tibbs is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the objection will be construed as a motion to reconsider. For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Tibbs filed the motion to reconsider within ten days after the order

and judgment of dismissal. *See* Fed. R. Civ. P. 6(a) (time periods of less than eleven days exclude intervening Saturdays, Sundays, and legal holidays). Therefore, the Court will consider the motion to reconsider as filed pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

Mr. Tibbs is challenging the denial of his habeas corpus application and the dismissal of this action as barred by the one-year limitation period in 28 U.S.C. § 2244(d) (Supp. 2005). The reasons for the dismissal are discussed in detail in the May 31, 2005, order and judgment of dismissal.

In the motion to reconsider, Mr. Tibbs argues that between March 2001 and February 2004, after his conviction was final on direct appeal and before he initiated his first postconviction proceeding, he had limited access to legal material because he was in a maximum-security facility. However, he does not dispute that the factual predicate for his disproportionate-sentence claim could have been discovered through the exercise of due diligence on July 1, 2002, when a state statute pertinent to his conviction was repealed and recodified. Rather, he alleges that he did not learn about the recodification of the statute until June 2003. He further alleges that in July 2003 he began exhausting his state remedies by filing a postconviction motion pursuant to Rule 35(a) of the Colorado Rules of Criminal Procedure, a motion he failed to mention in the habeas corpus application he filed in this action. He asserts that the Colo. R. Crim. P. 35(a) motion was denied on December 20, 2004. He confirms that he filed a second Colo. R. Crim. P. 35(a) motion on March 1, 2005, which also was denied. On March 17, 2005, he initiated the instant action.

Upon consideration of the motion to reconsider and the entire file, the Court finds

that Mr. Tibbs fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Shields v. Shetler**, 120 F.R.D. 123, 126 (D. Colo. 1988). Mr. Tibbs does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. The fact remains that the factual predicate for Mr. Tibbs' claim could have been discovered on July 1, 2002, and that Mr. Tibbs waited until July 2003, a year later, to begin exhausting state remedies through his first Colo. R. Crim. P. 35(a) motion, which was denied on December 20, 2004. He then waited over two months to file a second Colo. R. Crim. P. 35(a) motion. Even with the new information Mr. Tibbs has presented to the Court, the instant habeas corpus application must be denied as barred by the one-year limitation period in 28 U.S.C. § 2244(d). Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the objection to the Court's May 31, 2005, order and judgment of dismissal submitted *pro se* on June 10, 2005, by Applicant Mark D. Tibbs, and which the Court has treated as a motion to reconsider pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this 19 day of July, 2005.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-00534-ZLW

Mark D. Tibbs
Reg. No. 49559
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/19/05

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk